# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00556-RJC-DSC

| | |
|---|---|
| LARRIETTA JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ROBIN LENNOX- ) <br> AUSTON, LISA WRIGHT, JANET ) <br> HENDERSON AND DIANE R. ) <br> GODMAN, ) <br> ) <br> Defendants. ) | **MEMORANDUM AND** <br> **RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on the "Pro Se Motion to Dismiss for Failure to State a Claim by Robin Lennox-Auston," Doc. 3, "Defendants' Motion to Dismiss," Doc. 12, the *pro se* Plaintiff's Response, Doc. 13, *pro se* Plaintiff's "Motion Requesting a Hearing to Show Cause," Doc. 14, and the parties' associated briefs and exhibits, Docs. 13 and 15. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are ripe for determination.

Having fully considered the arguments, the record, and the applicable authority, the undersigned <u>denies</u> Plaintiff's "Motion Requesting a Hearing to Show Cause," Doc. 14, and respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, as true, *pro se* Plaintiff Larrietta Johnson's claims arise from her August 29, 2013 visit to the Hampton VA Medical Center ("HVMC") emergency room in Hampton, Virginia. Plaintiff alleges that after she registered at the

reception desk in the presence of twenty strangers, Defendant Robin Lennox-Auston entered the lobby holding an "HIV letter" and repeatedly asked Plaintiff if she had received her "HIV letter." Lennox-Auston was a nurse at HVMC. Plaintiff became upset, "snatched the letter" from Lennox-Auston and returned to her seat. As Plaintiff was reviewing the letter, Lennox-Auston became "louder, angrier, and continued to disseminate that [Plaintiff] was HIV positive and that she had the HIV positive letter from [Plaintiff's] doctor in her hand." Doc. 1 at 4. As a result of Lennox-Aston's actions, Plaintiff alleges that she suffered severe emotional, physical, and psychological effects.

On August 30, 2013, Plaintiff submitted an online complaint to HVMC. On September 2, 2013, Defendant Dr. Janet Henderson telephoned Plaintiff regarding her complaint. Dr. Henderson stated that she spoke to Lennox-Aston and she was sorry about the incident. She also advised that Defendant Lisa Wright, privacy officer for HVMC, would be following up with Plaintiff.

On September 8, 2013, Plaintiff filed a formal complaint against Lennox-Auston with the Virginia Department of Health Professions. On September 30, 2013, HVMC informed Plaintiff that it had found no breach of her protected health care information. On October 4, 2013, Wright and Plaintiff met regarding the incident. On October 10, 2013, Wright informed Plaintiff that her complaint was going to be closed, there being no violation of her privacy rights.

On September 18, 2014, Defendant Diane Godman, Plaintiff's assigned compensation and pension examiner for the Veterans Administration ("VA"), attempted to inspect her lodging at a "weekly rate hotel" without notice. Plaintiff also alleges that on December 10, 2014, Godman falsified medical records in order to deny her compensation for a service related injury and to limit

her ability to file a lawsuit against the VA. Plaintiff filed an administrative tort claim with the VA on July 1, 2014 for damages based upon these allegations. Plaintiff's claim was denied on August 20, 2014.

Plaintiff filed this lawsuit on November 18, 2015. On November 30, 2015, Lennox-Auston filed a "Pro Se Motion to Dismiss for Failure to State a Claim." (Doc. 3). On January 5, 2016, the Court issued a Show Cause Order directing Plaintiff to file a response to Lennox-Auston's Motion to Dismiss. On January 19, 2016, the Government filed its Motion to Dismiss on behalf of all Defendants.

Plaintiff's Complaint alleges defamation, intentional infliction of emotional distress, negligence, medical malpractice, pain and suffering, loss of income and livelihood, conspiracy, and wrongful use and disclosure of protected health information. She seeks $6.8M in damages as well as injunctive relief. She also asks the Court to order the VA to correct her allegedly falsified medical records and expedite her compensation and pension claims.

The Government argues that Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The Motions have been briefed and are ripe for review.

## II. STANDARD OF REVIEW

The existence of federal subject matter jurisdiction is a threshold issue. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000)(citing Kokkonen v. Guardian Life

Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to the court's subject matter jurisdiction may be raised at any time and is properly considered on a motion under Federal Rule of Civil Procedure 12(b)(1). See Fed.R.Civ.P. 12(b)(1) and 12(h).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper technical, code pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th

Cir. 1985). As a result, even a pro se plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of this authority, conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

### III. DISCUSSION OF CLAIMS

It is well established that the United States may not be sued unless sovereign immunity has been waived by statute. United States v. Mitchell, 445 U.S. 535, 538 (1980). This immunity extends to all suits against the United States as well as those against a federal agency and its officials. Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity cannot be implied and must be unequivocally expressed. Mitchell, 445 U.S. at 538; United States v. King, 395 U.S. 1 (1969).

The Federal Tort Claims Act ("FTCA") confers jurisdiction on district courts to consider claims "for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant ...." 28 U.S.C. § 1346(b)(1). The FTCA thus serves as a waiver of sovereign immunity. See Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). In cases arising under the FTCA, the Government is liable "in the same manner and to the same extent as a private individual under like circumstances ...." 28 U.S.C. § 2674.

**A. Proper Party**

In actions brought pursuant to the FTCA, the only proper defendant is the United States. 28 U.S.C. §§ 1346(b) and 2679(a); Metz v. U.S. Postal Service, 1988 WL 1076, at *1 (4th Cir. Jan.4, 1988); see also Iodice v. United States, 289 F.3d 270, 273 n. 1 (4th Cir. 2002) ("Although each [plaintiff] also named the Department of Veterans Affairs as a defendant ... the United States is the only proper defendant."); Cole v. Principi, 2004 WL 878259, at *2 (M.D.N.C. April 4, 2004)(dismissing claim against Secretary of the Department of Veterans Affairs because the United States is the only proper defendant in a FTCA action); Baird v. Haith, 724 F.Supp. 367, 377 (D.Md.1998)(same). Consequently, the undersigned respectfully recommends that the claims against Defendants Lennox-Auston, Wright, Henderson, and Godman be dismissed and the United States remain as the sole Defendant in this case.

### B. Defamation and Intentional Infliction of Emotional Distress Claims

The FTCA is a limited waiver of sovereign immunity and the exclusive means by which the United States may be sued for causes of action sounding in tort. 28 U.S.C. §§ 1346(b), 2679(b)(1); United States v. Orleans, 425 U.S. 807, 813-14 (1976). The FTCA defines the scope of this Court's jurisdiction over tort claims against the United States, FDIC v. Meyer, 510 U.S. 471, 477 (1994), and it "must be 'strictly construed . . . in favor of the sovereign,'" Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005)(quoting Lane v. Pena, 518 U.S. 187, 192 (1996)). The FTCA does not apply to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); see also Johnson v. Carter, 983 F.2d 1316, 1323 n.9 (4th Cir.) ("The United States has not waived its sovereign immunity in defamation actions."), cert. denied, 510 U.S. 812 (1993), overruled on other grounds by Gutierrez v. Lamagno, 515 U.S. 417 (1995). Plaintiff's claims against all Defendants arise out of the alleged statements by Lennox-

Auston to Plaintiff regarding her HIV status. Plaintiff alleges that her injuries flow solely from the VA employee's announcement that she had tested positive for HIV. The undersigned respectfully recommends that these claims for libel, slander and misrepresentation be dismissed for lack of subject matter jurisdiction.

The Fourth Circuit Court of Appeals considered similar facts in Talbert v. United States, 932 F.2d 1064 (4th Cir. 1991). In Talbert, plaintiff's government employment was terminated because of excessive leave and unavailability for work. The plaintiff alleged that his personnel records included "contradictory, erroneous information and false assertions" causing him to "suffer[] damage to his reputation." Id. at 1065. The Court held that his claim was barred by the libel and slander exception in the FTCA, noting that crux of his claim flowed from "past or future communication of the contents of the personnel files" and his true grievance was the "government's communication of untrue statements about Talbert." Id.

Here, Plaintiff's claim for "defamation of a loathsome disease" is based solely upon statements by Lennox-Auston that she alleges were made under "false pretenses [and] to cause malicious harm." Doc. 1 at 2. Plaintiff's "defamation of a loathsome disease" claim is also barred by § 2680(h) of the FTCA. Consequently, the undersigned respectfully recommends that Plaintiff's defamation claim be dismissed.

Plaintiff's claim for intentional infliction of emotional distress also fails. To the extent that Plaintiff's claim is not barred by § 2680(h), it is based upon the alleged statements made by Lennox-Auston and inextricably linked to her defamation claim. The Fourth Circuit has held that a claim for intentional infliction of emotional distress based upon libel or slander is barred by § 2680(h) of the FTCA. Harms v. United States, 972 F.2d 339 (4th Cir.1992) (unpublished table decision). The Court concluded that, although a claim for intentional infliction of emotional

distress is not explicitly listed as an exception under § 2680(h), "any such difference is merely theoretical and not actual under the facts of this case." Id. (citing Metz v. United States, 788 F.2d 1528 (11th Cir.1986)).  Therefore, the undersigned respectfully recommends that Plaintiff's claim for intentional infliction of emotional distress be dismissed.

### C. Negligence Claims

Plaintiff also alleges several claims that sound in negligence, including "Count Three: Pain and Suffering"; that Defendant Wright "grossly neglected her responsibilities… by not reporting a Federal Criminal offense committed by an employee"; that "[Defendant] Henderson did not ensure the safety or well-being of the Plaintiff"; and that "[she is] bringing this case to court because of … nurse negligence, malpractice, pain and suffering, loss of income and livelihood…" Doc. 1 at 2-4.

Under the FTCA, the United States has agreed to a waiver of sovereign immunity for specific personal injury claims resulting from negligence where the Government would be liable "to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  Plaintiff must comply with the terms and conditions of the waiver or her claims are barred by sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586–87 (1941).  Virginia law applies here because liability may be found only "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Virginia Medical Malpractice Act ("VMMA") requires a plaintiff alleging medical malpractice to obtain an expert certificate of merit prior to service of process unless the subject matter of the claim is within the common knowledge and experience of a jury. Va. Code § 8.01–20.1. This exception to the certificate of merit requirement applies only in rare circumstances, such as when a foreign object is left in a patient's body. See e.g. Easterling v. Walton, 156 S.E.2d 787 (1967).  Expert testimony is usually necessary to

establish the applicable standard of care and determine whether the alleged malpractice was a deviation from that standard. See Coston v. Bio–Med. Applications of Virginia, Inc., 654 S.E.2d 560 (2008). Failure to obtain a certificate of merit is "fatal" to a medical malpractice claim. See Parker v. U.S., 475 F.Supp.2d 594, 597 (E.D. Va. 2007). Since Plaintiff has failed to comply with Virginia law as it relates to her claims for medical negligence, the undersigned respectfully recommends that these claims be dismissed.

With regard to Plaintiff's complaint that Wright was negligent in not reporting a federal crime committed by an employee, as discussed in detail below, no crime was committed. Therefore, the undersigned respectfully recommends that this claim be dismissed.

**D. HIPPA Claim**

Plaintiff alleges that Defendants violated her privacy and Health Insurance Portability and Accountability Act ("HIPAA") rights when they "repeatedly disseminated in an occupied ER waiting area that [she] was HIV positive…" Doc. 1. HIPAA does not confer a private right of action. See 42 U.S.C. § 1320d–5; 45 C.F.R. § 160.312; see also Standards for Privacy of Individually Identifiable Health Information, 65 Fed.Reg. 82,462, 82,566 (Dec. 28, 2000) (to be codified at 45 C.F.R. pts. 160, 164). The Fourth Circuit has not addressed the issue. However, the Fifth Circuit and every district court to address this issue have found no private right of action under HIPAA. See, e.g., Acara v. Banks, 470 F.3d 569, 571 (5th Cir.2006)("[W]e are not alone in our conclusion that Congress did not intend for private enforcement of HIPAA."); Baldwin v. Moses H. Cone Mem'l Hosp., No. 1:09CV328, 2009 WL 2242678, at *1 (M.D.N.C. July 24, 2009) (finding that HIPAA provides no express or implied private right of action for violations and citing the Fifth Circuit and other courts that have consistently rejected similar claims). Consequently,

the undersigned respectfully recommends that Plaintiff's claim be dismissed for lack of subject matter jurisdiction.

### E. Privacy Act Claim

The Privacy Act provides that a federal agency may not "disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). The Privacy Act "safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records ... by allowing an individual to participate in ensuring that his records are accurate and properly used." Bartel v. Fed. Aviation Admin., 725 F.2d 1403, 1407 (D.C. Cir. 1984).

To prevail on a claim of nonconsensual disclosure, a plaintiff must show that "(1) the disclosed information is a 'record' contained within a 'system of records'; (2) the agency improperly disclosed the information; (3) the disclosure was willful or intentional; and (4) the disclosure adversely affected the plaintiff." Logan v. Dep't of Veterans Affairs, 357 F.Supp.2d 149, 154 (D.D.C. 2004); see also Fisher v. Nat'l Inst. of Health, 934 F.Supp. 464, 468 (D.D.C. 1996). Plaintiff may recover monetary damages, costs and fees if--and only if-- she sustained "actual damages" as a result of some harm caused by the agency's disclosure. See Doe v. Chao, 540 U.S. 614, 620–21 (2004) (interpreting 5 U.S.C. § 552a(g)(4)).

Plaintiff's Complaint fails under the Privacy Act. Plaintiff is not HIV-positive. Therefore, Plaintiff's HIV-positive status did not exist in her record and Lennox-Auston could not possibly have gained that information from any record or from Plaintiff during the course of treatment. The undersigned respectfully recommends that Plaintiff's claims for wrongful dissemination of her

medical status and violations of the Privacy Act be dismissed for failure to state a claim upon which relief can be granted.

### F. Conspiracy Claims

Plaintiff's Complaint alleges that the federal Defendants conspired to "cover up a federal criminal offense." Doc. 1 at 6. Plaintiff also claims that Defendant Godman conspired with unnamed others to "falsify her medical records" in order to withhold compensation from her. Id. at 3.

Under Virginia law, a common law claim of civil conspiracy generally requires proof of an underlying tort. Commercial Bus. Sys. v. Halifax Corp., 484 S.E.2d 892, 896 (1997). "For a conspiracy claim to be viable, the plaintiff must allege all of the elements of the underlying claim in order to make a prima facie case for conspiracy to commit that claim." Almy v. Grisham, 639 S.E.2d 182, 188-89 (2007).

Plaintiff has not alleged any facts showing an agreement among the Defendants to cause any injury to her. Plaintiff has simply put forth conclusory statements that do not allow for any reasonable inference that Defendants had any agreement to cause injury to her. Since Plaintiff has failed to state a claim for conspiracy under Virginia law, the undersigned respectfully recommends that Plaintiff's claims be dismissed.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that the "Pro Se Motion to Dismiss for Failure to State a Claim by Robin Lennox-Auston," Doc. 3, and "Defendants' Motion to Dismiss," Doc. 12, be **GRANTED**.

## V. ORDER

IT IS ORDERED that Plaintiff's "Motion Requesting a Hearing to Show Cause," Doc. 14, is **DENIED** as a hearing would not aid in the decisional process. IT IS FURTHER ORDERED that all further proceedings in this action, including all discovery, are STAYED pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: March 24, 2016

David S. Cayer
United States Magistrate Judge