**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-cv-00556-RJC-DSC**

| | |
|---|---|
| **LARRIETTA JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA, ROBIN** ) | |
| **LENNOX-AUSTON, LISA WRIGHT, JANET** ) | |
| **HENDERSON, and DIANE R. GODMAN,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on the following: (1) Defendant Robin Lennox-Auston's Pro Se Motion to Dismiss, (Doc. No. 3); (2) Defendants' Motion To Dismiss, (Doc. No. 12); (3) the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 17); recommending that this Court grant Defendants' Motions to Dismiss; (4) Plaintiff's Objection to the M&R, (Doc. No. 18); (5) Plaintiff's Amended Complaint, (Doc. No. 19); and (6) Defendants' Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 20).

## I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case.  Therefore, the Court adopts the facts as set forth in the M&R and adds only the following in order to account for the procedural history of the case since the M&R. Plaintiff, proceeding pro se, filed her Objection to the M&R on April 7, 2016.  (Doc. No. 18).  The same day, she also filed an Amended Complaint.  (Doc. No. 19).  On April 22, 2016, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. No. 20).

## II.    STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B).  The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.  Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The existence of subject-matter jurisdiction is a threshold issue a court must address before considering the merits of any case.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88–89 (1998); Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).  Where the Court has subject-matter jurisdiction, it may hear the merits of a claim; if it lacks jurisdiction, it has no authority to hear the case. Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  "The subject-matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000).  Subject-matter jurisdiction is so limited that federal "[c]ourts have an

independent obligation to determine whether subject-matter jurisdiction exists, even when no party

challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "No party can waive the defect, or

consent to [subject-matter] jurisdiction. No court can ignore the defect; rather a court, noticing the

defect, must raise the matter on its own." Wis. Dept. of Corrections v. Schacht, 524 U.S. 381, 389

(1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-

matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

The party seeking federal jurisdiction has the burden of proving that subject-matter jurisdiction

exists. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th

Cir. 1991).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See

Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers).

However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff

failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th

Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the

pro se plaintiff). As a result, even a pro se plaintiff's claim for relief "requires more than labels

and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Like plaintiffs who are

represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements

of [a] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Similarly,

a pro se plaintiff must still prove that subject-matter jurisdiction exists.

## III.   DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make

a de novo determination of any portion of an M&R to which specific written objection has been

made.  A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  Similarly, a party's "general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations" are not entitled to de novo review.  Orpiano, 687 F.2d at 47.

A.  M&R Addressing Motions to Dismiss Complaint

On March 24, 2016, the Magistrate Judge entered an M&R, (Doc. No. 17), addressing Defendants' Motions to Dismiss and the parties' associated briefs and exhibits, (Doc. Nos. 3 to 3-2, 12 to 12-8, 13).  The M&R recommends that Defendants' Motions to Dismiss be granted.  (Doc. No. 17 at 12).  Plaintiff filed her Objection to the M&R on April 7, 2016.  (Doc. No. 18).  In her Objection, Plaintiff merely alleges that her defamation and intentional infliction of emotional distress "claim[s are] not barred by the FTCA" and that her medical malpractice claim "does not require expert testimony to determine that the defendant's acts were negligent."  (Doc. No. 18 at 1–2).  She then agrees with the M&R that "HIPAA does not provide a private cause of action" and claims that "a HIPAA violation occurred which serves as a breach of duty in negligence cases."  (Id. at 2).  Finally, Plaintiff asserts that, "[e]ven if the courts cannot provide relief [for her Privacy Act claim] and has no subject matter jurisdiction, [she] wants this claim shown for the record," and she requests that her "Privacy Act Claim be allowed to proceed whether relief can be granted for it or not."  (Id.).  The Court finds that Plaintiff failed to make any specific objection or direct the Court to any specific error in the M&R.  Nevertheless, the Court conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.  Accordingly, the Court **adopts** the recommendation of the Magistrate Judge as its own.  For the

reasons stated in the M&R, Defendants' Motions to Dismiss are **granted**, and Plaintiff's

Complaint is **dismissed with prejudice**.

B. Amended Complaint

Plaintiff also filed an Amended Complaint on April 7, 2016. (Doc. No. 19). The Amended

Complaint excludes all the individual defendants and names only the United States as defendant.

(Id. at 1). It also omits Plaintiff's original claims for defamation and conspiracy and

recharacterizes her Privacy Act claim as a claim for "Wrongful Use and Disclosure of PHI, without

authorization, under false pretense to cause malicious harm." (Id. at 4). With the exception of

these revisions, Plaintiff's Amended Complaint is nearly identical to her original Complaint.

Federal Rule of Civil Procedure 15(a) provides as follows:

> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a
> matter of course within:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days
> after service of a responsive pleading or 21 days after service of a motion under
> Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only
> with the opposing party's written consent or the court's leave. The court should
> freely give leave when justice so requires.

Plaintiff filed her Amended Complaint 129 days after she was served with the first Motion to

Dismiss and 79 days after the second Motion to Dismiss. The period within which she could

amend her Complaint as a matter of course, therefore, has expired, and the filing of her Amended

Complaint could only be proper with Defendants' written consent or the Court's leave.

Whether to grant leave to amend is within the discretion of the district court. Foman v.

Davis, 371 U.S. 178, 182 (1962). However, the district court's discretion is circumscribed, as Rule

15(a) provides that "The court should freely give leave when justice so requires." Therefore, there

must be a "justifying reason" for a court to deny leave. <u>Foman</u>, 371 U.S. at 182. Accordingly at this stage, leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith or undue delay on the part of the moving party, or the amendment would be futile. <u>Id.</u>; <u>see also</u> <u>Laber v. Harvey</u>, 438 F.3d 404, 426 (4th Cir. 2006). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" <u>Katyle v. Penn Nat. Gaming, Inc.</u>, 637 F.3d 462, 471 (4th Cir. 2011) (quoting <u>U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.</u>, 525 F.3d 370, 376 (4th Cir. 2008)).

Although Plaintiff has not filed a motion for leave to amend her Complaint, the Court construes the pro se filing of her Amended Complaint as an implicit request for leave to amend. Having reviewed Plaintiff's Amended Complaint, the Court finds that it is clearly insufficient on its face to satisfy the requirements of the Federal Rules of Civil Procedure. In all substantive respects, Plaintiff's Amended Complaint is identical to her original Complaint, which the Court has dismissed for either lack of subject-matter jurisdiction or failure to state a claim upon which relief can be granted. The Amended Complaint does not allege any new claims or provide any new basis to support her claims or prove this Court has jurisdiction. Accordingly, as with the original Complaint, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's Amended Complaint. Furthermore, to the extent subject-matter jurisdiction may exist for any claim, the Court finds that, for the same reasons described in the Magistrate Judge's M&R, (Doc. No. 17), the Amended Complaint fails to state a claim upon which relief can be granted. Consequently, granting leave to amend and allowing the Amended Complaint to stand would be futile. Therefore, the Court will **deny** Plaintiff leave to amend her Complaint, and Plaintiff's

Amended Complaint shall be **stricken**.

Having denied leave to file the Amended Complaint, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **moot**.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.  The Magistrate Judge's M&R, (Doc. No. 17), is **ADOPTED**.

2.  Defendants' Motions to Dismiss, (Doc. Nos. 3 & 12), are **GRANTED**.

3.  Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice**.

4.  Plaintiff is **DENIED** leave to file her Amended Complaint.

5.  Plaintiff's Amended Complaint, (Doc. No. 19), is **STRICKEN**.

6.  Defendants' Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 20), is **DISMISSED as moot**.

7.  The Clerk of Court is directed to close this case.

Signed: May 9, 2016

Robert J. Conrad, Jr.
United States District Judge